*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2016 UT 50**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

FRANK ANDERSON, *et al.*[1],
*Petitioners,*

*v.*

PROVO CITY,
*Respondent.*

SHARON ANDERSON, *et al.*[2],
*Petitioners,*

*v.*

OREM CITY,
*Respondent.*

No. 20160632, 20160633
Filed October 27, 2016

On Petition for Extraordinary Relief

Attorneys:

Frank D. Mylar, Salt Lake City, for petitioners

Robert H. Hughes, Salt Lake City, for respondent Provo City

Troy L. Booher, Beth E. Kennedy, Salt Lake City,
for respondent Orem City

PER CURIAM:

---

[1] Other Petitioners in this case are DIANE B. CHRISTENSEN, PHILIP HINKLEY, ROGER ANDREWS, JENNIFER DOUD, PAMELA JONES, ROBERT RIDGE, and BRUCE WELCH.

[2] Other Petitioners in this case are HANS ANDERSEN, WAYNE BURR, CLARINE DOWNS, ANGELA BRICKEY, PEARL MILLER, and THOMAS MILLER.

¶1 Petitioners are residents of Orem City and Provo City seeking to have a referendum placed on the November 2017 ballot. Despite the fact that Petitioners met the signature threshold needed to put a referendum before the voters, both Orem City and Provo City refused. The Cities concluded, in part, that the resolutions could not be referred to the voters as a matter of law.

¶2 Each set of Petitioners seeks relief in the form of an extraordinary writ ordering that the referenda be placed on the ballot. Petitioners filed their petitions in accordance with a provision of the Utah Election Code that provides that "[i]f the local clerk refuses to accept and file any referendum petition, any voter *may* apply to the Supreme Court for an extraordinary writ to compel the local clerk to do so . . . ." UTAH CODE § 20A-7-607(4)(a) (emphasis added).

¶3 Utah Rule of Appellate Procedure 19(b)(5) requires a party seeking extraordinary relief to explain "why it is impractical or inappropriate to file the petition for a writ in the district court . . . ." Petitioners have failed to carry this burden. Instead, Petitioners argue that Utah Code section 20A-7-607(4)(a) requires that they file the petition in the supreme court. According to Petitioners, "[r]equiring the Petition to be made to the Supreme Court is an implicit public policy statement by the Legislature which further establishes the urgency and irreparable harm to the voters that exists when a petition of referendum is rejected." Petitioners ask this court to "acknowledge as a matter of law that the rejection of the [Referendum] Petition meets the requirements of urgency [under rule 19(b)(4)], and that no other plain and speedy remedy exists but to file a Petition for Writ with the state's high court."

¶4 We have rejected the assumption on which Petitioners' argument rests—that Utah Code section 20A-7-607 mandates that a petition be filed in this court. We have noted that section 20A-7-607 "does not limit either the remedies that can be sought or the court in which those remedies can be pursued . . . ." *Low v. City of Monticello*, 2002 UT 90, ¶ 16, 54 P.3d 1153, *overruled on other grounds by Carter v. Lehi City*, 2012 UT 2, ¶ 15, 269 P.3d 141; *Carpenter v. Riverton City*, 2004 UT 68, ¶ 4 n.3, 103 P.3d 127 (noting that Utah Code section 20A-7-607 "is permissive in nature and does not designate this court as the exclusive location where relief may be sought"). While many ballot disputes will present tight timelines that will make it either impractical or inappropriate to file in the district court, that will not always be the case.

¶5 At oral argument, Petitioners suggested it might be inappropriate and impractical for them to file in the district court, because Utah Code section 20A-7-607(4)(b) provides that "[i]f the Supreme Court determines that the referendum petition is legally sufficient, the local clerk shall file" the referendum. Petitioners fear that this language authorizes only the supreme court to order the local clerk to place a referendum on the ballot. In other words, Petitioners worry that only this court can order the remedy they seek. We do not read these provisions of the Elections Code to restrict the district court's powers, and we conclude that our district courts possess the authority to provide appropriate relief in appropriate circumstances.

¶6 Utah Code section 20A-7-607(4) does not require Petitioners to file in this court nor does it relieve Petitioners of the need to meet the requirements of Utah Rule of Appellate Procedure 19(b)(4)–(5). Petitioners have not shouldered their burden of establishing that it would be impractical or inappropriate for them to file their petitions in the district court. We, therefore, deny these petitions without prejudice.

————————