*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 71**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

JACOB ZONTS[1],
*Petitioners,*

*v.*

PLEASANT GROVE CITY,
*Respondent.*

No. 20170651
Filed October 10, 2017

On Petition for Extraordinary Relief

Jacob Zonts, Dean Hale, Karl Khuni, Nathan Stoker, Blaine Thatcher,
and Wendy Morgan, Pleasant Grove, pro se petitioners

Christine M. Petersen, Pleasant Grove, for respondent

PER CURIAM:

¶ 1 A group of sponsors prepared an initiative and obtained sufficient signatures to have that initiative placed on the November 2017 ballot for the Pleasant Grove City municipal election. The Utah County Clerk verified the signatures, and the Pleasant Grove City Attorney prepared a proposed ballot title. The sponsors submitted comments, and the City Attorney prepared the final ballot title.

¶ 2 Dissatisfied with certain aspects of the final ballot title, one of the sponsors, Mr. Jacob Zonts, then filed a petition pursuant to section 20A-7-508(6)(a) of the Utah Code, which we dismissed for failure to comply with the requirement that a petition under that provision be brought by at least three sponsors. Mr. Zonts and five other sponsors then filed this petition, and we asked the parties for supplemental briefing on

> the question of whether Petitioners have met the requirements of rule 19 of the Rules of Appellate Procedure, including, but not limited to, subparts (b)(4)

---

[1] Other parties to this second petition are: Dean Hale, Karl Kuhni, Nathan Stoker, Blaine Thatcher, and Wendy Morgan.

and (b)(5), pertaining to whether Petitioners possessed a plain, speedy, and adequate remedy in the form of filing a petition with the district court at the time they received notice from the City Attorney of the final ballot title, and in light of this Court's decisions in *Anderson v. Provo City*, 2016 UT 50, 387 P.3d 1014, and *Brown v. Cox*, 2017 UT 3, 387 P.3d 1040.

¶ 3 On August 30, 2017, we issued a summary order denying the petition and indicated this opinion would follow. At the outset, we note that section 20A-7-508(6)(a) states "the decision of the local attorney may be appealed by a petition to the Supreme Court." But the only means by which such a decision properly may be challenged is by a petition for extraordinary relief under rule 65B of the Utah Rules of Civil Procedure or, in the event a petition in the district court does not provide a plain, speedy, and adequate remedy, under rule 19 of the Utah Rules of Appellate Procedure. Thus, the use of the term "appeal" in the statute could be misleading insofar as a prospective challenger of the local attorney's decision views it as implying an entitlement to an appeal of right invoked under rules 3 and 4 of the Utah Rules of Appellate Procedure. And the statute also could be misleading insofar as it is read to imply that this court is the only forum in which a petition for extraordinary relief may be sought. Rule 19 expressly requires that a petition explain why the petitioners could not have filed a petition in the district court. *See* UTAH R. APP. P. 19(b)(5); *Anderson v. Provo City*, 2016 UT 50, ¶ 3, 387 P.3d 1014. As we have previously explained, rule 19's requirement to demonstrate why a petition could not be filed in the district court "is more than an exercise in ensuring [the petitioner] incant[s] magic words." *Brown*, 2017 UT 3, ¶ 28. "When an appellate court considers a petition for extraordinary relief without any record generated by prior litigation or other official proceedings, it ordinarily may grant relief only if that relief is based on allegations properly supported by affidavit or other reliable documentation." *Gricius v. Cox*, 2015 UT 86, ¶ 5, 365 P.3d 1198. And, in that regard, we have noted our reluctance "to arrive at a legal ruling that is dependent on the resolution of disputed facts" because we do "not conduct evidentiary hearings (except in those rare circumstances in which reference to a special master is deemed appropriate)." *Carpenter v. Riverton City*, 2004 UT 68, ¶ 4, 103 P.3d 127.

¶ 4 We ordered supplemental briefing to provide the petitioners an opportunity to explain why they could not have filed their

petition in district court. They failed to meet their burden of persuading us that they could not have asked the district court to review their contentions in the first instance. We emphasize, as we have in the past, that district courts are better equipped to resolve factual questions and that starting in the district court allows parties to create the record that enables this court to conduct a more meaningful review. We can understand the petitioners' perception that a district court proceeding will only slow their path to our court, but we trust our district courts to appropriately expedite these petitions in a fashion that contemplates, and allows time for, appellate review before ballots are printed. This is the framework the Rules of Civil and Appellate Procedure establish. And we insist that parties comply with these Rules not because the issues they raise are not important, but because they are. Adherence to the Rules promotes better and more efficient resolution of disputes and a party, like the petitioners here, needs to convince us to depart from them. The petitioners here did not.

¶ 5 The petitioners failed to satisfy their burden under rule 19 of demonstrating they possessed no plain, speedy, and adequate remedy other than the filing of a petition directly with this court. The petition itself assumed that filing directly with this court was the appropriate remedy without any discussion of the possibility of filing in the district court. And the petitioners' supplemental brief continued to rely on that assumption. Its only references to the possibility of filing in the district court were a speculative assumption that "Pleasant Grove could have held the decision up in the courts," and a citation to this court's statement in that "many ballot disputes will present tight timelines that will make it either impractical or inappropriate to file in the district court," followed by an assertion that the petition in this case involved one of those disputes. *Anderson*, 2016 UT 50, ¶ 4. The supplemental brief provided no further discussion or elucidation of any practical obstacles to filing in the district court immediately after the decision of the City Attorney, followed by an expedited appeal.[2]

---

[2] We do not mean to imply that the necessary showing of the absence of a remedy via a filing in the district court either could or could not have been made in this case. Without a specific explanation from the petitioners as to why the filing of a petition in the district court followed by an appeal could not afford a plain, speedy, and adequate remedy, we are in no position to make that judgment. But we do note that the parties in some election cases

(continued . . .)

¶ 6 Additionally, we found persuasive the respondent's supplemental responsive argument that petitioners had raised various grounds for modification of the ballot title that were predicated on factual assumptions that were not adequately supported by affidavit and that were disputed by Pleasant Grove's response to the prior petition.[3] And the petitioners failed to address the obstacles to review that were presented by those factual disputes.

———————

(continued . . .)

appear to have failed to appreciate the importance of timely initiation of proceedings in the proper forum and of anticipating the practical requirements of meeting the timeline for an ultimate resolution. As we have stated above, when a petition is filed in the district court, the parties and that court should approach the proceedings with a keen awareness of the ballot preparation deadline if an appeal is filed; and they should collaborate to make every reasonable effort to expedite the proceedings in a manner that will allow us adequate time for addressing that appeal. And, once an appeal is filed, the appellant has the obligation to provide prompt and adequately documented notification of the specific deadline for action if the relief requested is to be granted. Our clerk of court is not obligated to sua sponte expedite an appeal; and a proper and specific motion to expedite the appeal may be required. It also should be kept in mind that, regardless of whether a case before us is time sensitive, we have the obligation to afford all the parties due process with respect to written briefs and oral argument, to carefully review the record and pleadings below, and to devote sufficient attention to the issues that have been properly raised.

[3] We allowed Pleasant Grove to rely on its prior response to the earlier petition insofar as the subsequent petition raised the same issues and the earlier response had addressed the merits.